JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Niles Tuttle appeals his conviction for escape entered after a jury trial. He argues that the trial court erred by accepting his waiver of counsel without properly advising him and that the trial court erred by denying his motion to dismiss. We find merit to the appeal and vacate Tuttle's conviction.
 {¶ 2} On May 4, 2001, Tuttle was indicted on one count of escape. The indictment alleged that on August 16 and October 5, 2000, Tuttle failed to report to his parole officer. He filed a motion to dismiss the indictment, arguing that R.C. 2967.021(A) precludes parolees convicted prior to Senate Bill 2 from being charged with escape. The trial court denied the motion.
 {¶ 3} Prior to the start of trial, Tuttle, who had been assigned the public defender as counsel, apparently filed a motion to dismiss counsel, which the trial court granted. The trial court, however, required the public defender to assist Tuttle during trial.
 {¶ 4} The jury found Tuttle guilty as charged, and the trial court sentenced him to the maximum term of one year in prison.
 {¶ 5} Tuttle appeals and raises three assignments of error. We will address Tuttle's second assignment of error first to consider whether the trial court properly denied Tuttle's motion to dismiss because if the trial court erred, the remaining assignments of error are moot.
 Denial of Motion to Dismiss {¶ 6} In his second assignment of error, Tuttle argues that the trial court erred by applying the law as amended by Senate Bill 2 because he was sentenced prior to the amendment and it is the law as it existed at that time that should apply.
 {¶ 7} Although Tuttle was sentenced prior to the enactment of Senate Bill 2, he was not paroled until July 5, 2000. Prior to Senate Bill 2, a parolee was exempt from prosecution for escape for absconding from supervision. With the enactment of Senate Bill 2, R.C. 2967.15(C) was amended to reflect that parolees could now be charged with escape for failing to report to parole officers.
 {¶ 8} However, R.C. 2967.021 clearly provides in the following language that parolees sentenced prior to Senate Bill 2 cannot be found to be escapees pursuant to R.C. 2967.15(C):
 {¶ 9} "(A) Chapter 2967. of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, and a person upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996.
 {¶ 10} "(B) Chapter 2967. of the Revised Code, as it exists on July 1, 1996, applies to a person upon whom a court imposed a stated prison term for an offense committed on or after July 1, 1996."
 {¶ 11} As this court recently held in State v. Thompson, Cuyahoga App. No. 78919, 2002-Ohio-6478,[1] in analyzing this section:
 {¶ 12} "This statute clearly limits application of the 1998 version of R.C. 2967.15 to offenders whose underlying offense was committed after 1996. * * * Although in Conyers the Supreme Court addressed the `gap' period between Senate Bill 2 in 1996 and the 1998 revision of R.C. 2967.15, and found that no parolees could be convicted of escape during this interim period of conflicting statutes, it did not address whether the new revision would apply to prisoners sentenced before 1996 but paroled after 1998."
 {¶ 13} In the instant case, Tuttle was sentenced prior to 1996, but not paroled until 2000. Pursuant to R.C. 2967.021, he cannot be convicted for escape under R.C. 2967.15(C).
 {¶ 14} Accordingly, the trial court's denial of Tuttle's motion to dismiss is reversed and his conviction for escape is vacated.
 {¶ 15} Given our disposition of the second assignment of error, Tuttle's first and third assignments of error are moot and need not be addressed. App.R. 12(A)(1)(c).
Judgment reversed and conviction vacated.
PATRICIA ANN BLACKMON, J. CONCURS; TIMOTHY E. McMONAGLE, A.J., CONCURS IN JUDGMENT ONLY IN SEPARATE CONCURRING OPINION.
[1] This court certified a conflict in Thompson on January 10, 2003 because it conflicts with cases from other districts and a case from this district, State v. Goode, Cuyahoga App. No. 80525, 2002-Ohio-3789.